[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET VERDICT ASIDE
After a defendant's verdict the plaintiff has filed this motion to set aside, asserting it to be filed pursuant to Practice Book 320. The motion requests that the verdict be set aside "due to errors made in evidentiary rulings and due to the verdict being against and unsupported by the evidence and for such other reasons as may become apparent at a hearing on this motion". This is hardly pursuant to Prac. Bk. 320 which requires that such motions shall state the specific grounds upon which counsel relies.
At the hearing on the motion, the only claim of error argued by plaintiff's counsel related to the admissibility of a "sweep log" so called, under the business entry rule, C.G.S.52-180.
The plaintiff first argued that the "sweep log" should, first, have not been admitted because it was not definite that it was prepared at or near the time of the occurrence, i.e. the sweeping of the floor. There was sufficient testimony that it was prepared at or near the time of the occurrence.
The plaintiff next argued that the business entry statute was unconstitutional because it usurped the judiciary function. The business entry statute, C.G.S. 52-180 is hardly a rule of administration, practice or procedure, a field in which it was determined the general assembly lacked power to intrude. State v. Clemente, 166 Conn. 501, 507. As a matter of fact, in the dissenting opinion in the Clemente case, supra at page 530, F.N. 5, it is stated, "The modern business entry statute, presently General Statutes 52-180, was originally enacted as Conn. Sup. 1935, 1675c. The authority of the General Assembly to enact this legislation has not been questioned."
The Motion to Set Aside the Verdict is denied.
MILTON H. BELINKIE, STATE TRIAL REFEREE CT Page 4827